UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-181-GNS

KENNETH R. PRICE                                                                    PLAINTIFF

V.

BILLY MOON, d/b/a MOONLIGHT HOUSE MOVERS,
MOONLIGHT HOUSE MOVING
AND D/B/A MOONLIGHT CONSTRUCTION;
ANTIOCH INSURANCE AGENCY; DONEGAL
MUTUAL INSURANCE COMPANY, D/B/A
DONEGAL INSURANCE GROUP                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Remand (DN 13).  The time to file a response has passed, and no party has filed a response to the motion.  This matter is ripe for adjudication.  For the reasons outlined below, the Motion to Remand is **GRANTED**.

## I. STATEMENT OF FACTS AND CLAIMS

Plaintiff Kenneth R. Price ("Price") owned a residence in Alvaton, Kentucky, and real estate in Bowling Green, Kentucky.  (Compl. ¶ 5, DN 1-1).  Price contracted with Billy Moon d/b/a Moonlight House Movers ("Moon") to move the house from its location to Plaintiff's property in Bowling Green.  (Compl. ¶¶ 6-7, Ex. A, DN 1-1).  Price alleges that there were numerous issues that arose relating to Moon's performance of his obligations under the contract.  (Compl. ¶¶ 12-18, DN 1-1).  Price also alleges that Antioch Insurance Agency ("Antioch"), as the agent for Donegal Mutual Insurance Company d/b/a Donegal Insurance Group ("Donegal"), denied insurance coverage for Moon, Moonlight House Moving, and Moonlight House Movers.  (Compl. ¶ 19, DN 1-1).

1

Price then filed a lawsuit against Moon, Moonlight House Moving, Moonlight House Movers, Donegal, and Antioch.  Price alleges that all Defendants violated the Kentucky Consumer Protection Act, KRS 367.110-300.  (Compl. ¶¶ 23-34, DN 1-1).  He also asserts claims of negligence by Defendants and fraudulent inducement by Moon.  (Compl. ¶¶ 35-51, DN 1-1).  Price seeks to recover against all Defendants on the theory of unjust enrichment and requests punitive damages.  (Compl. ¶¶ 52-60, DN 1-1).

With the consent of Donegal, Moon removed this case on the basis of subject-matter jurisdiction under 28 U.S.C. § 1332.  (Notice of Removal 2, DN 1).  In the present motion, Price has moved to remand this case and filed a stipulation that the amount in controversy does not exceed $75,000.[1]  (Mot. to Remand 1-2, Ex. 1, DN 13, 13-1).

## II.  STANDARD OF REVIEW

To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity as to the parties and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a)(1). The subject matter jurisdiction of a case is determined at the time of removal.  *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  The defendants removing the case bear the burden of proving that the jurisdictional amount-in-controversy requirement.  *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citation omitted).

## III.  ANALYSIS

In determining whether this case was properly removed, it is necessary to consider the relevant removal statutes and, more particularly, 28 U.S.C. § 1446.  In relevant part, that statute provides:

---

[1] After removal, Antioch moved to dismiss the claims asserted against it pursuant to Fed. R. Civ. P. 12(b)(6).  (Def.'s Mot. to Dismiss, DN 11).  It is unnecessary for this Court to rule on the merits of the motion because this Court lacks subject-matter jurisdiction.

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> . . .
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . . .

28 U.S.C. § 1446(c)(2)(A)(ii).   In the Notice of Removal, Defendants have alleged that the amount in controversy exceeds $75,000 based upon the claims and allegations in the Complaint,[2] which would appear to satisfy Defendants' burden.  (Notice of Removal 2-3, DN 1).

In ruling on this motion, however, the Court must also consider the effect of Price's stipulation that his amount of damages does not exceed $75,000.  At this Court has stated with respect 28 U.S.C. § 1446 and the effect of stipulations:

> [W]here a state prevents a plaintiff from pleading a specific amount of damages— as is the case in Kentucky—and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district considers such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such.  Accordingly, this Court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount exceeding $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for diversity jurisdiction.  Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand."

*Martin v. UPS Supply Chain Solutions*, No. 3:14-CV-00342-TBR, 2015 WL 691557, at *4 (W.D. Ky. Feb. 18, 2015) (internal citations omitted) (citation omitted) (alterations in original).  In this case, the Court concludes that Price's stipulation of damages clarifies the amount in controversy and effectively restrains his recovery.  *See Martin*, 2015 WL 691557, at *5 (holding that "'[s]tipulations must be binding' because they amount to an 'express waiver made . . . by the

---

[2] From the face of the Complaint, there is no express statement of a total amount of damages sought or a general statement that the amount in controversy exceeds the minimal jurisdictional limit of this Court.

party or his attorney conceding for purposes of the trial the truth of some alleged fact." (quoting *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1344, 1248 (2013)).

For these reasons, the amount in controversy does not exceed $75,000, and this Court lacks subject-matter jurisdiction over this case. Accordingly, the Court will grant the motion to remand.

## IV. <u>CONCLUSION</u>

IT IS ORDERED that the Plaintiff's Motion to Remand (DN 13) is **GRANTED**. IT IS FURTHER ORDERED that this case is remanded to the Warren Circuit Court and is **STRICKEN** from this Court's docket.

Greg N. Stivers, Judge
United States District Court

March 10, 2015

cc:     counsel

4